FOURTH DISTRICT—APRIL, 1916.        83

Morgan v. Carterville & Big Muddy Coal Co., 199 Ill. App. 83.

## Dolly Morgan, Administratrix, Appellee, v. Carterville & Big Muddy Coal Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Williamson county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed April 17, 1916.

### Statement of the Case.

Action by Dolly Morgan, as administratrix of the estate of James Morgan, her deceased husband, plaintiff, against Carterville & Big Muddy Coal Company, defendant, to recover for the death of the husband while employed as a shot firer in defendant's mine. From a verdict for plaintiff for $2,000, defendant appeals.

This case was originally appealed to the Supreme Court, as it was contended that the Workmen's Compensation Act of 1911 was unconstitutional, but as both parties conceded that the act was invalid, the Supreme Court certified the case to the Appellate Court. See *Morgan v. Carterville & Big Muddy Coal Co.*, 264 Ill. 533.

The cause was tried in the Circuit Court on the theory that plaintiff must recover, if at all, on the ground that defendant was guilty of common-law negligence, resulting in an injury, which caused the death of plaintiff's intestate, and that plaintiff was in the exercise of due care for his own safety at the time.

DENISON & SPILLER, for appellant; MASTIN & SHERLOCK, of counsel.

NEELY, GALLIMORE, COOK & POTTER, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

## Abstract of the Decision.

1. MINES AND MINERALS, § 107*—*when duty of mine examiner to warn shot firers of dangerous condition of pillars between entries.* Where the thickness of pillars between two entries in a mine at a considerable distance from the mouths of the entries has been reduced to less than one-half of that at the mouths of the entries so as to become too thin because of the failure to use sights in driving one of the entries, and such condition is known to the mine examiner, or would have been known to him if he had exercised reasonable care, it is his duty to warn shot firers of such dangerous condition, especially where a cross-cut is being driven from the opposite entry.

2. MINES AND MINERALS, § 179*—*when evidence sufficient to sustain finding that negligence in driving entries without notifying shot firer proximate cause of death.* In an action by the administratrix of the estate of a mine shot firer to recover for the death of such shot firer, alleged to have been due to negligence in driving two parallel entries so that at a considerable distance from the mouths of such entries the pillar between the entries was less than one-half of that at the mouths of the entries and was blown in upon deceased when a shot was fired in the cross-cut being driven from the entry opposite to which he was working, evidence *held* sufficient to sustain a finding that the proximate cause of the injury resulting in death of deceased was the negligent act in so driving the pillars without notifying the shot firers of such dangerous condition.

3. MINES AND MINERALS, § 178*—*when evidence sufficient to sustain finding that shot firer not guilty of contributory negligence.* In an action by the administratrix of the estate of a shot firer to recover for the latter's death, alleged to be due to negligence in driving two parallel entries in the mine so that the pillar was too thin at a point a considerable distance from the mouth of the entry, where a shot was fired in a cross-cut being driven from the opposite entry, resulting in the wall of the pillar being blown upon plaintiff's decedent, and to failure of defendant to notify deceased of such dangerous condition of the mine, where it appeared that the entries were driven with the pillars of the required thickness for a distance of seven hundred or eight hundred feet from the mouths of the entries to a cross-cut sixty feet from where deceased was working, and that the workmen had no light except from their candles, and had not been warned that the pillar had been narrowed at the place where deceased was working, evidence *held* sufficient

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to sustain a finding that deceased was not guilty of contributory negligence.

4. MINES AND MINERALS, § 122*—*when evidence sufficient to sustain finding that shot firer did not assume risk of injury from explosion.* In an action by the administratrix of the estate of a shot firer to recover for the latter's death, alleged to be due to negligence in driving mine entries so that the pillar was too thin at a place where a cross-cut was being driven from the opposite entry to that in which deceased was working, resulting in the wall thereof being blown in upon deceased when a shot was fired in the cross-cut in the entry opposite deceased, evidence *held* sufficient to sustain a finding that deceased did not . assume the risk of such explosion as incidental to his employment, it appearing that he had no knowledge of the condition of the pillar.

5. INSTRUCTIONS, § 151*—*when refusal of requested instructions not erroneous.* It is not error to refuse proper requested instructions that are covered by given instructions.